UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
CRUZ JUAN RAMIREZ,

                        Plaintiff,

-against-

RFA FRONTINO LLC and 142 WATTS LLC,

                        Defendants.
---------------------------------------------

Case No.: 21-cv-4355

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

### I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the violation of New York Labor Law and the negligence of defendants on November 18, 2020, in the County of New York, State of New York.

### II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff CRUZ JUAN RAMIREZ was and still is a citizen and resident of Mexico.

6. Defendant RFA FRONTINO LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Suffolk and the State of New York.

7. Anthony Frontino is a member of defendant RFA FRONTINO LLC.

8. Richard Aguggia is a member of defendant RFA FRONTINO LLC.

9. At all times herein mentioned, Anthony Frontino was and still is a citizen of the County of Nassau, State of New York.

10. At all times herein mentioned, Richard Aguggia was and still is a citizen of the County of Nassau, State of New York.

11. Defendant 142 WATTS LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Bennington and the State of Vermont.

12. Cathleen Ihasz is a member of defendant 142 WATTS LLC.

13. At all times herein mentioned, Cathleen Ihasz was and still is a citizen of the County of New York, State of New York.

## IV. FACTUAL ALLEGATIONS

14. On November 18, 2020, plaintiff CRUZ JUAN RAMIREZ was performing certain construction work at the premises located at 142 Watts Street, New York, New York, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York

State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

15. On November 18, 2020, plaintiff CRUZ JUAN RAMIREZ was employed by Drywall City Inc.

16. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 142 WATTS LLC.

17. At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant RFA FRONTINO LLC.

18. That at some point prior to November 18, 2020, defendant 142 WATTS LLC, entered into an agreement with defendant RFA FRONTINO LLC, wherein and whereby it was agreed, among other things, that defendant RFA FRONTINO LLC would perform construction work and provide labor services at the subject premises.

19. That on November 18, 2020, defendant RFA FRONTINO LLC was the general contractor working at the subject premises for defendant 142 WATTS LLC.

20. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

21. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

22. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

23. That at some point prior to November 18, 2020, defendant RFA FRONTINO LLC entered into an agreement with Drywall City Inc., wherein and whereby it was agreed, among

other things, that Drywall City Inc. would perform construction work and provide labor services at the subject premises.

24. That on November 18, 2020, Drywall City Inc. was the subcontractor working at the subject premises for defendant RFA FRONTINO LLC

25. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

26. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

27. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

28. That at some point prior to November 18, 2020, defendant 142 WATTS LLC, entered into an agreement with Drywall City Inc., wherein and whereby it was agreed, among other things, that Drywall City Inc. would perform construction work and provide labor services at the subject premises.

29. That on November 18, 2020, Drywall City Inc. was a contractor working at the subject premises for defendant 142 WATTS LLC.

30. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

31. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

32. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

33. That thereafter, and on or about November 18, 2020, defendant RFA FRONTINO LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 142 WATTS LLC.

34. That thereafter, and on or about November 18, 2020, Drywall City Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 142 WATTS LLC.

35. That thereafter, and on or about November 18, 2020, Drywall City Inc. was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant RFA FRONTINO LLC.

36. That at all times herein mentioned, and or about November 18, 2020, plaintiff CRUZ JUAN RAMIREZ was actually engaged in the course of his employment as a construction laborer by Drywall City Inc., which said contractor was engaged by defendant 142 WATTS LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 142 WATTS LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

37. That at all times herein mentioned, and or about November 18, 2020, plaintiff CRUZ JUAN RAMIREZ was actually engaged in the course of his employment as a construction laborer by Drywall City Inc., which said contractor was engaged by defendant RFA FRONTINO LLC and plaintiff was actually performing certain construction work, labor and services at the subject

premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant RFA FRONTINO LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

38. That on or about November 18, 2020, and while plaintiff CRUZ JUAN RAMIREZ was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Drywall City Inc., he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

39. That at all times herein mentioned, and on or about November 18, 2020, defendant 142 WATTS LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Drywall City Inc., plaintiff's employer.

40. That at all times herein mentioned, and on or about November 18, 2020, defendant 142 WATTS LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Drywall City Inc., plaintiff's employer.

41. That at all times herein mentioned, and on or about November 18, 2020, defendant RFA FRONTINO LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Drywall City Inc., plaintiff's employer.

42. That at all times herein mentioned, and on or about November 18, 2020, defendant RFA FRONTINO LLC, its agents, servants and/or employees breached their duty of general

supervision, direction and control of the work being performed at the subject premises by Drywall City Inc., plaintiff's employer.

43. Defendant RFA FRONTINO LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff CRUZ JUAN RAMIREZ, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

44. Defendant RFA FRONTINO LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

45. Defendant RFA FRONTINO LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

46. Defendant RFA FRONTINO LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

47. Defendant RFA FRONTINO LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

48. Defendant RFA FRONTINO LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

49. Defendant 142 WATTS LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff CRUZ JUAN RAMIREZ, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

50. Defendant 142 WATTS LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

51. Defendant 142 WATTS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

52. Defendant 142 WATTS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

53. Defendant 142 WATTS LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

54. Defendant 142 WATTS LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

55. That on or about November 18, 2020, while working at the subject premises, plaintiff CRUZ JUAN RAMIREZ was caused to fall from an elevated height.

56. By reason of the foregoing, plaintiff CRUZ JUAN RAMIREZ was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff CRUZ JUAN RAMIREZ will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

57. The allegations of the preceding paragraphs are repeated here as if fully stated.

58. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

59. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. SECOND CAUSE OF ACTION

60. The allegations of the preceding paragraphs are repeated here as if fully stated.

61. On November 18, 2020, plaintiff CRUZ JUAN RAMIREZ was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

62. The work contracted for by the defendant RFA FRONTINO LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

63. The work contracted for by the defendant 142 WATTS LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

64. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

65. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

66. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

67. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      May 13, 2021

_____
**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                CASE NO.   21-cv-4355
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRUZ JUAN RAMIREZ,
                           Plaintiff,


   -against-

RFA FRONTINO LLC and 142 WATTS LLC,
                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT AND JURY DEMAND**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777