RONAI & RONAI, LLP
ATTORNEYS AT LAW

THE RONAI BUILDING
34 ADEE STREET
PORT CHESTER, NY 10573
TELEPHONE (914) 824-4777

January 24, 2022

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

Re:   Ramirez v. RFA Frontino LLC et al
      Case No.: 21-cv-04355-KPF

Your Honor:

We represent Plaintiff Cruz Juan Ramirez in the above referenced matter.

Pursuant to the Civil Case Management Plan and Scheduling Order [DE 20], amended pleadings may not be filed and additional parties may not be joined except with leave of Court. As such, we are writing to respectfully request leave of Court to amend the Complaint to add NYR Contracting Corp., as a direct defendant in this action.

Defendant Priority N.Y. Inc.'s Letter Motion dated January 21, 2022 [DE 40] revealed facts which were not evident to Plaintiff when he first commenced the action on May 4, 2021, and which may lead to NYR Contracting Corp. being liable, at least in part, for the injuries sustained by Mr. Ramirez.

Based upon information contained in defendant Priority N.Y. Inc.'s said Letter Motion, it appears that it may be proposed defendant NYR Contracting Corp., engaged by defendant Priority N.Y. Inc., that hired plaintiff's employer, Drywall City, Inc., to perform construction work at the subject premises.

There are two Federal Rules which govern the addition/subtraction of parties, namely, FRCP 15(a) and 21 and Courts have granted motions to amend that add or subtract parties pursuant to both rules. [*See Hernandez v. Sikka*, No. 17-CV-4792-SJF-SIL, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019)] Courts should generally grant motions to amend absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. [*Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)].

Here, only initial disclosures have been exchanged and depositions have not yet been held. Thus, there can be no prejudice to any parties herein. Annexed hereto as Exhibit "A" is a proposed Second Amended Complaint.

Should our said request be granted, we also request a brief extension of time to complete discovery. An extension is necessary as plaintiff needs to effectuate service of the Second Amended Complaint on NYR Contracting Corp., and then allow time for an appearance, before discovery can continue.

In light of the foregoing, plaintiff requests that this Honorable Court grant a brief extension of the discovery schedule as follows:

- Fact Discovery – March 29, 2022;
- Expert Discovery – May 6, 2022.

Thank you for your consideration of our request.

Respectfully,

/s/_____
Holly Ostrov Ronai (HO3923)

cc: All parties via ECF

---

Application GRANTED. Plaintiff shall be permitted to file the Second Amended Complaint, which adds NYR Contracting Corp. as a defendant in this action. The Court understands Plaintiff's amended pleading to encompass Defendant Priority N.Y. Inc.'s request to file a third-party complaint against NYR Contracting Corp. (Dkt. #40). As such, Priority N.Y.'s request to file a third-party complaint is DENIED, without prejudice to its renewal.

In addition, Plaintiff's request to extend the discovery schedule is GRANTED to accommodate the inclusion of this additional party. The pretrial conference scheduled for March 8, 2022, is hereby ADJOURNED to May 3, 2022, at 11:00 a.m., in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

The Clerk of Court is directed to file the document at docket entry 41-1 as the operative pleading in this matter. The Clerk of Court is further directed to terminate the pending motions at docket entries 40 and 41.

Date:   January 24, 2022
        New York, New York

SO ORDERED.

_Katherine Polk Failla_

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE